DAVID W. MEADOWS (SBN 137052)
Law Offices of David W. Meadows
1801 Century Park East, Suite 1250
Los Angeles, CA  90067
Tel: (310) 557-8490
Fax: (310) 557-8493
Email: david@davidwmeadowslaw.com

[Proposed] Counsel to Beshmada, LLC,
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:09-bk-25523-BR |
| | ) |
| BESHMADA, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) **NOTICE OF MOTION AND MOTION** |
| | ) **FOR AN ORDER ALTERNATIVELY (1)** |
| | ) **VACATING SCHEDULING ORDER OR** |
| | ) **(2) EXTENDING DEADLINE TO FILE** |
| | ) **PROPOSED DISCLOSURE** |
| | ) **STATEMENT AND PROPOSED** |
| | ) **CHAPTER 11 PLAN;  MEMORANDUM** |
| | ) **OF POINTS AND AUTHORITIES; AND** |
| | ) **DECLARATION IN SUPPORT** |
| | ) **THEREOF** |
| | ) |
| | ) Date: September 14, 2010 |
| | ) Time: 10:00 a.m. |
| | ) Place: Courtroom "1668" |
| | )        255 E. Temple Street |
| | )        Los Angeles, CA 90012 |
| | ) |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Beshmada, LLC, the Debtor and Debtor-in-Possession in the above-referenced chapter 11 proceeding ("Beshmada" or the "Debtor"), hereby moves the Court in the alternative either: 1) for an order vacating its "Order For Filing A Chapter 11 Plan Of Reorganization And Disclosure Statement And Order Setting Hearing For Approval of Disclosure

Statement" (the "Scheduling Order") entered on July 23, 2010 or, 2) extending the date established by the Scheduling Order. Specifically, the Debtor requests that the present deadline of **August 30, 2010** be extended to a date no earlier than **January 14, 2011**.

The Motion is based upon this Notice of Motion and Motion, the attached declaration, all pleadings and records on file in this case, and upon such other evidentiary matters as may be presented to the Court regarding the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any party opposing the relief sought by the motion must file a written opposition setting forth the facts and law upon which the opposition is based and must appear at the hearing on the motion. Any such response to the motion must be filed with the Clerk of the Court and served upon proposed counsel named in the upper left-hand corner of this notice not less than fourteen (14) calendar days prior to the hearing on the motion.

Pursuant to Local Bankruptcy Rule 9013-1(h), any response not timely filed and served may be deemed by the Court to be consent to the granting of the motion.

Date: August 20, 2010                    LAW OFFICES OF DAVID W. MEADOWS


By:  /s/ David W. Meadows
     David W. Meadows
     [Proposed] Bankruptcy Counsel for Beshmada, LLC.

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.**

## **INTRODUCTION**

The Debtor is seeking its first extension of the deadline established by the Court to file a disclosure statement and plan of reorganization. The current deadline to file the disclosure statement and plan of reorganization is August 30, 2010, pursuant to the Scheduling Order. The Debtor will in all likelihood be proposing a joint disclosure statement and a joint chapter 11 plan with the cases of In re Ezri Namvar, Case No. 2:08-bk-32349-BR ("Namvar") and In re Namco Capital Group, Inc., Case No. 2:08-bk-32333-BR ("Namco"). The joint disclosure statement and joint plan will also incorporate the affiliated cases of In re Beshmada of Delaware, LLC, Case No. 2:09-bk-25510-BR ("Beshmada Delaware"), and In re Dimes, LLC, Case No. 2:09-bk-25517-BR ("Dimes"). The Preliminary work is underway by the professionals to begin preparation of these documents.

Presently, there is no deadline set for the filing of the disclosure statement and chapter 11 plan as to the Namvar and the Namco cases. While a scheduling order originally established such dates in those cases, the orders were vacated. (*See* docket No. **449** on the Namco case; docket No. **245** on the Namvar case). The Debtor's disclosure statement and plan will likely be proposed jointly with the Namco and Namvar cases in a single disclosure statement and a single chapter 11 plan. Consequently, the Debtor requests that the Court likewise vacate the existing Scheduling Order as to the Debtor. Otherwise, if the Namco and Namvar cases are not able to complete the joint documents in order to satisfy the Court's deadline in this case, this Debtor will need to seek a further extension of the plan filing deadline in this case.

Alternatively, if the Court determines that a deadline is still appropriate, the Debtor requests that the current deadline be continued to a date not earlier than January 14, 2011, with a status conference set to a date no earlier than a date approximately three (3) weeks following the extended deadline.

## II.

## FACTS AND PROCEDURAL HISTORY

1. On June 19, 2009, an involuntary chapter 7 petition was filed against Beshmada. Through a series of stipulations and orders of this Court, the last day for Beshmada to answer or otherwise respond to the involuntary petition was continued from time to time.

2. On June 22, 2010, Beshmada stipulated to entry of an order for relief and to convert the case to one under Chapter 11 of the Bankruptcy Code. On July 1, 2010, this Court entered its order approving the stipulation (the "Order for Relief").

3. On July 23, 2010, this Court entered its Scheduling Order. Pursuant to the Scheduling Order, the Debtor is ordered to file a plan of reorganization and disclosure statement on or before **August 30, 2010**. The Scheduling Order further ordered that on **September 14, 2010** at 10:00 a.m., the court will conduct a hearing for the purpose of setting a hearing for the approval of the disclosure statement.

4. The Debtor expects to file a joint disclosure statement and joint chapter 11 plan with the Namco and Namvar cases. These are expected to be a unified, single joint disclosure statement document and a unified, single joint chapter 11 plan document. Preliminary meetings have occurred and groundwork is underway by all professionals to begin the preparation of these important documents. More time is required to develop and produce what are expected to be complex and detailed documents.

4

## III.

### **CAUSE EXISTS TO GRANT THE DEBTOR THE EXTENSIONS**

The Debtor submits that at this time, it believes a joint disclosure statement and joint chapter 11 plan filed as unified documents with the Namco and Namvar cases is the most effective way for the Debtor to confirm a chapter 11 plan in this case.   The Debtor, through its counsel, is working with the professionals engaged on behalf of the Namvar and Namco cases to develop a joint disclosure statement and chapter 11 plan in a timely manner.   The parties are attempting to file a joint disclosure statement and chapter 11 plan by the calendar year end.   (See Declaration of David W. Meadows, attached hereto and incorporated herein.)    The Debtor believes that the pressures imposed by all parties to these affiliated cases are sufficient to cause the parties and their professionals to endeavor to file the joint disclosure statement and plan as soon as possible, without the need at this time for a deadline established by the Court.

However, should the Court prefer to set a deadline, the Debtor requests that it be set no earlier than the beginning of January, 2011.    The Debtor suggests a date no earlier than Friday, January 14, 2011.

## IV.

### **CONCLUSION**

The Debtor respectfully requests that the Court enter an Order: alternatively, 1) vacating the Scheduling Order; or 2) extending the last day to timely file a disclosure statement and plan of reorganization from the existing date of August 30, 2009 to a date no earlier than January 14, 2011; and continuing the Status Conference date to a date no earlier than approximately three (3) weeks after the extended date.

5

| | | |
|---|---|---|
| 1 | Date: August 20, 2010 | LAW OFFICES OF DAVID W. MEADOWS |
| 2 | | |
| 3 | | By: /s/ David W. Meadows |
| 4 | | David W. Meadows |
| | | [Proposed] Bankruptcy Counsel for Beshmada, |
| 5 | | LLC. |

I, DAVID W. MEADOWS, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and duly admitted to practice before the United States Bankruptcy Court for the Central District of California. Except as otherwise stated, each of the facts contained in this declaration is based upon my personal knowledge and if called upon to do so, I could competently testify thereto.

2. I am proposed counsel to the above-referenced debtor and debtor in possession. The order approving my employment is pending. I have served as counsel to the debtor during the "gap period," since approximately June 19, 2009.

3. As counsel to the Debtor during the gap period and as proposed counsel to the Debtor after entry of the Order for Relief, I have had been working with professionals engaged on behalf of the Namco and Namvar estates regarding a joint chapter 11 plan and a joint disclosure statement on behalf of this Debtor, and the Namco and Namvar estates. The professionals involved are attempting to file a joint disclosure statement and joint plan by calendar year end.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of August, 2010 in Los Angeles, California.

                                                                      /s/ David W. Meadows
                                                                        David W. Meadows

| In re: Beshmada, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-25523-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1801 Century Park East, Suite 1250, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR AN ORDER ALTERNATIVELY (1) VACATING SCHEDULING ORDER OR (2) EXTENDING DEADLINE TO FILE PROPOSED DISCLOSURE STATEMENT AND PROPOSED CHAPTER 11 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 8/14/10, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 8/20/2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/20/2010 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                        **F 9013-3.1**

| In re: Beshmada, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-25523-BR |

I. (Continued)

- Gillian N Brown    gbrown@pszjlaw.com, gbrown@pszjlaw.com
- Russell Clementson    russell.clementson@usdoj.gov
- Melissa Davis    mdavis@shbllp.com
- Alan W Forsley    awf@fredmanlieberman.com, awf@fkllawfirm.com
- David Gould    dgould@davidgouldlaw.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Stuart I Koenig    Skoenig@cmkllp.com
- John P Kreis    jkreis@attglobal.net
- Jeffrey A Krieger    jkrieger@ggfirm.com
- Joseph W Kruchek    joe.kruchek@kutakrock.com
- David W. Meadows    david@davidwmeadowslaw.com
- Ethan B Minkin    ethan.minkin@kutakrock.com
- David Norouzi    david@norouzi.us
- Walter K Oetzell    woetzell@dgdk.com
- David M Poitras    dpoitras@jmbm.com
- Samuel Price    sprice@pooleshaffery.com
- Uzzi O Raanan    uor@dgdk.com
- Christopher S Reeder    ecfnotices@reederlu.com
- Joel G Samuels    jsamuels@sidley.com
- David B Shemano    dshemano@pwkllp.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- Sam Tabibian    sam.tabibian@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Howard J Weg    hweg@pwkllp.com
- Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com
- Beth Ann R Young    bry@lnbrb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**