1  DAVID W. MEADOWS (SBN 137052)
   Law Offices of David W. Meadows
2  1801 Century Park East, Suite 1235
   Los Angeles, CA  90067
3  Tel: (310) 557-8490
   Fax: (310) 557-8493
4  Email: david@davidwmeadowslaw.com

5
   Bankruptcy Counsel to Beshmada, LLC,
6  Debtor and Debtor in Possession

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10               LOS ANGELES DIVISION

11 In re                          )  Case No. 2:09-bk-25523-BR
                                  )
12 BESHMADA, LLC,                 )  Chapter 11
                                  )
13        Debtor.                 )  **NOTICE OF MOTION AND MOTION**
                                  )  **FOR LIMITED EXTENSION OF**
14                                )  **EXCLUSIVITY PERIODS FOR FILING**
                                  )  **AND SEEKING ACCEPTANCES OF**
15                                )  **PLAN OF REORGANIZATION;**
                                  )  **MEMORANDUM OF POINTS AND**
16                                )  **AUTHORITIES; AND DECLARATION**
                                  )  **IN SUPPORT THEREOF**
17                                )
18                                )  Date:  May 3, 2011
                                  )  Time:   10:00 a.m.
19                                )  Place:  Courtroom 1668
                                  )
20 _____)

21 **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

22 **THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

23        **PLEASE TAKE NOTICE** that Beshmada, LLC, the Debtor and Debtor-in-Possession in

24 the above-referenced chapter 11 proceeding ("<u>Beshmada</u>" or the "<u>Debtor</u>"), hereby moves the

25 Court for a limited order further extending  the period in which the Debtor has the exclusive right

26 to  file a chapter 11 plan pursuant to Bankruptcy Code Section 1121(b) from March 31, 2011 to

27 September 30, 2011.  Likewise, the Debtor requests that the Court extend by sixty (60) days the

28

- 1 -

period under Bankruptcy Code Section 1121(d) during which time parties other than the Debtor are prohibited from filing competing plans while the Debtor solicits acceptances to a plan the Debtor files within the extended period.    **Note, however, that the Motion seeks to extend the exclusivity periods as to all parties _except_ the Official Unsecured Creditors Committees and the Trustees appointed in the cases of _In re Ezri Namvar_ and _In re Namco Capital Group, Inc._  In other words, the Debtor agrees to allow exclusivity to terminate as to the Committees and the Trustees.    However, the Debtor requests that the exclusivity periods be extended as to all other parties with respect to the Debtor's case (and the affiliated Debtor in Possession cases), to and including September 30, 2011 and November 30, 2011, respectively.**

The Debtor submits this Motion pursuant to 11 U.S.C. § 1121; FRBP 3016; and Local Bankruptcy Rule 9013-1(d).

The Motion is based upon this Notice of Motion and Motion, the attached declaration, all pleadings and records on file in this case, and upon such other evidentiary matters as may be presented to the Court regarding the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any party opposing the relief sought by the Motion must file a written opposition setting forth the facts and law upon which the opposition is based and must appear at the hearing on the Motion. Any such response to the Motion must be filed with the Clerk of the Court and served upon counsel for the Debtor named in the upper left-hand corner of this Notice not less than fourteen (14) calendar days prior to the hearing on the Motion.

1    Pursuant to Local Bankruptcy Rule 9013-1(h), any response not timely filed and served

2    may be deemed by the Court to be consent to the granting of the Motion.

3    Date:  March 28, 2011                    LAW OFFICES OF DAVID W. MEADOWS

4

5
                                             By:    /s/ David W. Meadows
6                                                   David W. Meadows
                                                    Bankruptcy Counsel for Beshmada, LLC, Debtor
7                                                   and Debtor in Possession.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor is seeking by this Motion its second extension of the deadlines to file a Disclosure Statement and Plan of Reorganization and to extend the exclusivity periods for filing and solicitation of acceptances of a Plan of Reorganization (collectively, the "Extensions")/[1]. The Debtor consents to the termination of its exclusivity periods as to the Official Unsecured Creditors Committees (the "Committees") and the chapter 11 trustees (the "Trustees") appointed in the cases of In re Ezri Namvar, Case No. 2:08-bk-32349-BR ("Namvar") and In re Namco Capital Group, Inc., Case No. 2:08-bk-32333-BR ("Namco").[2] However, the Debtor request that the exclusivity periods otherwise be extended as to all parties other than the Committees and the Trustees.

## II.

## FACTS AND PROCEDURAL HISTORY

1.      On June 19, 2009, an involuntary chapter 7 petition was filed against Beshmada. Through a series of stipulations and orders of this Court, the last day for Beshmada to answer or otherwise respond to the involuntary petition was continued from time to time.

---

[1]      Concurrent motions similar to the Motion herein are being filed by the Debtor's affiliated cases, In re Beshmada of Delaware, LLC, Case No. 2:09-bk-25510-BR ("Beshmada Delaware") and In re Dimes, LLC, Case No. 2:09-25517-BR ("Dimes") (collectively with this Debtor, the "DIP Cases" or the "DIP Entities").

[2]      While consenting to the termination of the exclusivity periods, however, the Debtor *is not* conceding or admitting that either of the Committees are parties in interest within the meaning of Section 1121(c) of the Bankruptcy Code and therefore eligible to file a plan in the DIP Cases.

2.      On June 22, 2010, Beshmada stipulated to entry of an Order for Relief and to convert the case to one under Chapter 11 of the Bankruptcy Code.   On July 1, 2010, this Court entered its order approving the stipulation (the "Order for Relief").

3.      On July 23, 2010, this Court entered its "Order For Filing A Chapter 11 Plan Of Reorganization And Disclosure Statement And Order Setting Hearing For Approval of Disclosure Statement" (the "Scheduling Order").    Pursuant to the Scheduling Order, the Debtor was ordered to file a plan of reorganization and disclosure statement on or before August 30, 2010.   The Debtor filed its "Notice Of Motion And Motion For An Order Alternatively (1) Vacating Scheduling Order Or (2) Extending Deadline To File Proposed Disclosure Statement And Proposed Chapter 11 Plan" (the "Motion to Vacate or Alter").     On September 27, 2010, after a hearing conducted on September 14, 2010, the Court vacated the Scheduling Order.     Therefore, at present, there is no Court imposed deadline for filing a disclosure statement and plan in this case.

4.      Pursuant to this Court's Order entered on February 8, 2011, the Debtor's exclusive period to file a plan of reorganization was extended to and including March 31, 2011, and the Debtor's exclusive right to seek acceptances of a plan of reorganization was extended to May 31, 2011.    The Order was made without prejudice to the right of the Debtor to seek a further extension of the exclusivity periods.

5.      During the preceding months, there have been on-going efforts by the Debtor and the Trustees to develop joint chapter 11 plans between and among the Trustees and the DIP Entities.    Likewise, the Trustees and the Committees have had on-going negotiations.     Recently, the Namco Committee counsel requested that the DIP Entities consent to termination of the Debtor's exclusivity periods, and that the termination be prior to the current expiration of March 31, 2011.    The Debtor consented to the Committee's request, and suggested that the exclusivity periods likewise should be terminated as to the Trustees but extended to all other parties.

**III.**

**THE COURT HAS THE AUTHORITY TO GRANT THE DEBTOR AN EXTENSION**

**OF THE EXCLUSIVE PERIODS FOR FILING AND**

**SEEKING ACCEPTANCES OF A PLAN OF REORGANIZATION**

Section 1121 of the Bankruptcy Code governs who may file a plan of reorganization. Section 1121(b) grants a debtor an exclusive period of 120 days after the date the petition was filed to file a plan of reorganization. If a debtor files a plan within the 120-day period, §1121(c)(3) prohibits other parties from filing competing plans while the debtor solicits acceptances thereto until 180 days after the date that the petition was filed. In the present case, the Debtor seeks to extend both the 120-day and the 180-day periods. Under §1121(d), this Court may extend both of these periods "for cause". Section 1121(d)(2)(A) provides that the 120-day exclusivity period may not be extended beyond a date that is 18 months after the Petition Date. Section 1121(d)(2)(B) provides that the 180 day acceptance period may not be extended beyond a date that is 20 months after the Petition Date. The Debtor is proposing three month extensions of the respective exclusivity periods which are well within the statutory limits.

The legislative history states that in enacting the statutory scheme of §1121, Congress intended to strike a balance in the plan negotiating postures between debtors and creditors. Teachers Ins. and Annuity Ass'n of America v. Lake In The Woods (In re Lake In The Woods), 10 B.R. 338, 343 (E.D. Mich. 1981); In re Tony Downs Foods Co., 34 B.R. 405 (Bankr. D. Minn. 1983); In re Ravenna Indus., Inc., 20 B.R. 886 (Bankr. N.D. Ohio 1982); H.R. Rep. No. 595, 95th Cong., 2d Sess. (1978).

Congress intended that the debtor-in-possession be given the first opportunity to file an acceptable plan of reorganization and to solicit acceptances. Congress attempted to strike a balance between the creditors' rights to avoid unreasonable delays against the debtor's need for a reasonable

period of time during which to formulate and negotiate a meaningful plan of reorganization.  See, H.R. Rep. No. 595, supra.  Congress realized that while it could offer guidelines, it was not in a position to determine how this delicate balance should be struck in each case.  Therefore, as an integral part of the balance that §1121 achieves, Congress empowered the court, in its discretion, to reduce or increase exclusivity periods, provided the debtor, as the moving party, upon a showing of "cause".  In re Tony Downs, 34 B.R. 405; In re Ravenna Indus., 20 B.R. 886.  While the recent BAPCPA amendments placed a cap on the exclusivity and solicitation periods, the choice of 18 and 20 months, respectively, evidence an intention to provide debtors with significant room to deal with the peculiarities of each case.

Section 1121(d) does not define "cause", and the legislative history is sparse.  "Cause might include an unusually large or unusually small case, delay by the debtor, or recalcitrance among creditors." H.R. Rep. No. 595, 95th Cong., 1st Sess. 406 (1977).  "[T]he granted extension should be based on a showing of some promise or probable success." S. Rep. No. 989, 95th Cong., 2d Sess. 118 (1978).

One of the central factors in determining whether "cause" exists to extend the exclusive periods has been the debtor's progress towards a plan of reorganization.  See, In re McLean Indus., Inc., 87 B.R. 830, 834 835 (Bankr. S.D.N.Y. 1987) (although case involved "a small number of creditors and lack of profits," extension of exclusive periods was warranted where case was "nevertheless complex and requires considerably further study before a plan of reorganization could be proposed and intelligently communicated to creditors for their acceptance," and the debtor "has at least pointed itself in a direction whereby it can negotiate with its creditors"); In re Pine Run Trust, Inc., 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (although "[t]he traditional ground for cause, the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization, was not established in this case," extension of exclusive periods was warranted

where "substantial progress has been made in negotiations that, all concede, are critical to a successful reorganization."); In re Trainer's. Inc., 17 B.R. 246 (Bankr. E.D. Pa. 1982) (additional time required to conclude negotiations for sale of business found to constitute cause for extension). Courts have recognized that the diligence of management and the proper administration of a bankruptcy case are additional factors, the existence of which supports the extension of periods of exclusivity.  See, In re United Press International, 60 B.R. 265 (Bankr. D.D.C. 1986); In re Trainer's, Inc., 17 B.R. 246, 247 (Bankr. E.D.Pa. 1982).

**IV.**

**CAUSE EXISTS TO GRANT THE DEBTOR THE EXTENSIONS**

Exclusivity *as to the Namco and Namvar* cases terminated immediately upon the appointment of the Trustees.    Any party in interest may file a plan in a chapter 11 case upon the appointment of a chapter 11 trustee.   11 U.S.C. § 1121(c)(1).   Hence, the door is open on those cases for anyone to file a plan if they like.   However, there is an element of control that benefits the DIP Entities, the Committees and the Trustees by limiting to these parties the ability to file a chapter 11 plan for the DIP Entities.   The assets of the DIP Entities need to be addressed as part of chapter 11 plans that address the claims of the Namco and Namvar estates; chapter 11 plans in the Namco and Namvar cases will not make much sense without provision for the assets of the DIP Cases.    Therefore, preserving exclusivity in the DIP cases, as to all parties other than the Committees and the Trustees, can help to ensure that all parties work through the DIP entities, the Trustees and the Committees to propose chapter 11 plans in all of the cases.

**V.**

**CONCLUSION**

The Debtor submits that the foregoing facts establish cause for an extension of the exclusive periods and other related deadlines, as requested, as to all parties <u>other than</u> the Committees and the Trustees. The Debtor therefore respectfully requests that the Court enter an Order except as to the Committees and the Trustees: (1) extending the period in which the Debtor has the exclusive right to file a plan of reorganization from March 31, 2011 through and including **September 30, 2011**; (2) extending the period in which the Debtor has the exclusive right to seek acceptances of a plan of reorganization for a period of sixty days from extended date for filing a plan to **November 30, 2011**. The Debtor respectfully requests such other appropriate relief.

Dated:  March 29,  2011                    THE LAW OFFICES OF DAVID W. MEADOWS


                                          By:_____/s/ David W. Meadows_____
                                                    David W. Meadows
                                          Bankruptcy Counsel for Beshmada, LLC, Debtor
                                          and Debtor-in-Possession

## DECLARATION OF   LOUIS A. CICALESE

I, Louis A. Cicalese, hereby declare as follows:

1.      I am the  manager of Beshmada, LLC, Beshmada of Delaware, LLC, and Dimes, LLC.   I am over the age of 18 years and competent to give this declaration.  The matters stated herein are true and correct and based upon my personal knowledge except as to such matters stated on information and belief which matters I believe to be true.

2.      I believe that adequate cause exists for the Court to approve the requested extensions, for the reasons stated in the Motion.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _28_  the day of March, 2011 at Los Angeles, California

                                                           _____
                                                           Louis A. Cicalese

| In re:  Beshmada, LLC | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  2:09-25523-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1801 Century Park East, Suite 1235, Los Angeles, CA  90067.

A true and correct copy of the foregoing document described:

**NOTICE OF MOTION AND MOTION FOR LIMITED EXTENSION OF EXCLUSIVITY PERIODS FOR FILING AND SEEKING ACCEPTANCES OF PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  3/29/11, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  3/30/11,  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/30/11 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

| | |
|---|---|
| In re: Beshmada, LLC | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 2:09-25523-BR |

I. (Continued)

- Gillian N Brown    gbrown@pszjlaw.com, gbrown@pszjlaw.com
- Russell Clementson    russell.clementson@usdoj.gov
- Melissa Davis    mdavis@shbllp.com
- H Alexander Fisch    afisch@stutman.com
- Alan W Forsley    awf@fredmanlieberman.com, awf@fkllawfirm.com
- David Gould    dgould@gglawllp.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Stuart I Koenig    Skoenig@cmkllp.com
- John P Kreis    jkreis@attglobal.net
- Jeffrey A Krieger    jkrieger@ggfirm.com
- Joseph W Kruchek    joe.kruchek@kutakrock.com
- Charles Liu    cliu@marshackhays.com
- David W. Meadows    david@davidwmeadowslaw.com
- Ethan B Minkin    ethan.minkin@kutakrock.com
- David Norouzi    david@norouzi.us
- Walter K Oetzell    woetzell@dgdk.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- David M Poitras    dpoitras@jmbm.com
- Samuel Price    sprice@pooleshaffery.com
- Uzzi O Raanan    uor@dgdk.com, DanningGill@Gmail.com
- Christopher S Reeder    ecfnotices@reederlu.com
- Joel G Samuels    jsamuels@sidley.com
- David B Shemano    dshemano@pwkllp.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- Sam Tabibian    sam.tabibian@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Howard J Weg    hweg@pwkllp.com
- Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com
- Beth Ann R Young    bry@lnbrb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**