DAVID W. MEADOWS (State Bar No. 137052)
LAW OFFICES OF DAVID W. MEADOWS
1801 Century Park East, Suite 1235
Los Angeles, California  90067
Tel : (310) 557-8490
Fax : (310) 557-8493
Email: david@davidwmeadowslaw.com
Bankruptcy Counsel to Beshmada, LLC,
Debtor and Debtor in Possession

STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
TALIN KESHISHIAN - Bar No. 201830
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:       sgubner@ebg-law.com, rburstein@ebg-law.com
             tkeshishian@ebg-law.com
Special Counsel for Beshmada, LLC,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (LOS ANGELES DIVISION)

| | |
|---|---|
| In re | Case No. 2:09-bk-25523-BR |
| BESHMADA, LLC, | Chapter 11 |
| Debtor and Debtor in Possession | **NOTICE OF OBJECTION AND OBJECTION BY THE DEBTOR AND DEBTOR IN POSSESSION TO PROOF OF CLAIM NO. 18-1 FILED BY HAZAK ASSOCIATES, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID W. MEADOWS IN SUPPORT THEREOF** |
| | LBR 3007-1 |
| | Date:  September 18, 2013 |
| | Time:. 2:00 p.m. |
| | Place: Courtroom 1668 |

Besh NMtn 241 Fifth v2.docx

1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE CREDITORS HOLDING THE CLAIM(S) IDENTIFIED HEREIN, AND TO PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on the 18th day of September 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1668 located at 255 East Temple Street in Los Angeles, California, Beshmada, LLC, debtor and debtor in possession (the "Debtor"), will move the Court for an order disallowing the proof of claim of Hazak Associates, LLC, **Claim No. 18-1** (the "Claim", "Objection" or "Claimant" as applicable).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any responses to the relief requested in this Objection must be filed with the Bankruptcy Court and served upon counsel for the Trustee at the address noted above so as to be received at least fourteen (14) days prior to the date of the hearing.  If you or your attorney do not respond to this Objection by such deadline, the Court may decide that you do not oppose this Objection and the Court may enter an order granting the relief requested without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must contain at a minimum the following:

a.      The name of the Claimant, the Claim number and description of the basis for the Claim, including, without limitation, the amount thereof;

b.      A concise statement setting forth the reasons why such Claim should not be disallowed or reduced for the reasons set forth in the Objection, including, but not limited to, any declarations or memoranda of law setting forth the specific factual and legal basis upon which the Claimant will rely in opposing the Objection; and

Besh NMtn 241 Fifth v2.docx

2

c.       All documentation or other evidence of the Claim, to the extent not included with the Claim, upon which the Claimant will rely in opposing the Objection at the hearing.

The Objection is based upon this Notice, the attached Memorandum of Points and Authorities, the declaration of David W. Meadows, all pleadings and records on file in this case, and such oral or written evidence as may be properly presented to the Court at or before the time of the hearing.  For further information concerning the Objection, you may contact the attorneys for the Debtor listed in the top left-hand corner of the first page of this Notice.

Dated: July 15,  2013                         THE LAW OFFICES OF DAVID W. MEADOWS

By:  _____/s/ David W. Meadows_____
                    David W. Meadows

Bankruptcy Counsel to Beshmada, LLC, debtor and debtor in possession.

Dated: July 15,  2013                         EZRA BRUTZKUS GUBNER LLP

By:  _____/s/ Richard D. Burstein_____
                    Richard D. Burstein

Special Counsel to Beshmada, LLC, debtor and debtor in possession.

Besh NMtn 241 Fifth v2.docx

3

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Namco bankruptcy estate and is accordingly a core matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 502 of title 11, United States Code (the **"**Bankruptcy Code**"**); Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (**"**FRBP**"**); and Rule 3007-1 of the Local Bankruptcy Rules for the Central District of California ("LBR").

### II.

### INTRODUCTION

The Claim was filed on November 15, 2010 as unliquidated. A true and complete copy of the Claims is attached to this Objection and the accompanying declaration of David W. Meadows (the "Meadows Declaration"), as Exhibit 1.

For the reasons set forth in this Objection, the Debtor seeks an order of the Bankruptcy Court disallowing the Claims in its entirety.

### III.

### FACTS AND PROCEDURAL HISTORY

#### A.    The Debtor's Bankruptcy Case

On June 19, 2009, a involuntary chapter 7 petition was filed against the Debtor  (the "**Petition Date**"). On June 22, 2010, the Debtor stipulated to entry of an order for relief. On July 1, 2010, the

Bankruptcy Court entered an order approving the stipulation and converting the case from chapter 7 to chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

**B.     The Claims Bar Date**

On October 8, 2010, the Court entered an order (the "**Claims Bar Date Order**") granting the Debtor's Motion for Entry of an Order Pursuant To Bankruptcy Rule 3003(c)(3) Establishing Procedures and Bar Dates for Filing Proofs of Claim (the "**Claims Bar Date Motion**"). Pursuant to the Claims Bar Date Order, with respect to all claims asserted against the Debtor pursuant to Bankruptcy Code § 501 and 507, the bar date was November 15, 2010 (the "**Claims Bar Date**").

**C.     The Chapter 11 Plan.**

At a hearing held July 2, 2013, the Court approved the _Second Amended Disclosure Statement With Respect to Second Amended Joint Chapter 11 Liquidating Plan For Namco Capital Group, Inc., Ezri Namvar, Beshmada, LLC, Beshmada of Delaware, LLC and Dimes, LLC, Proposed By The Chapter 11 Trustees and DIP Debtors_ (the "Joint Plan").  A hearing to consider confirmation of the Joint Plan is presently scheduled for October 10-11, 2013.

**IV.**

**OBJECTIONS AND RELIEF REQUESTED**

**A.     There is No Evidence Whatsoever of any Breach of An Obligation of the Debtor to the Claimant.**

The Claim consists of nothing but the Proof of Claim form, stating that the claim is "unliquidated," and a copy of the "Limited Liability Company Agreement of 241 Fifth Ave. Hotel, LLC ("241 Fifth" and the "Operating Agreement."). The Operating Agreement establishes nothing other than that Beshmada was a member of 241 Fifth.   No specific breach or actual damages are even alleged.

Besh NMtn 241 Fifth v2.docx

**B.    The Claim States That Claimant's Damages are Unliquidated.**

Even if there was a legal or contractual basis for a claim against the Debtor, no actual claim is stated, other than whatever claim is being made, the claim is unliquidated.

Pursuant to Section 502(c) of the Bankruptcy Code, the Court shall estimate for the purpose of allowance, any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case.    As set forth above, a hearing to consider confirmation of the Joint Plan is set for October 10-11, 2013.    The Debtor must resolve all claims in order to make distributions to creditors.    As set forth in the Claim, the Debtor entered into the Operating Agreement in March of 2007.    Now, three (3) years after the Claim was filed, Claimant has done nothing to fix or liquidate its Claim.    Accordingly, the Claim should be disallowed in its entirety or estimated at $0.00 for all purposes in this case, including voting and distribution.

**C.    The Burden of Proof.**

Federal Rule of Bankruptcy Procedure 3001 provides in pertinent part:

(a)    Form and Content:  A proof of claim is a written statement setting forth a creditor's claim.  A proof of claim shall conform substantially to the appropriate Official Form.

(c)    Claim Based on a Writing.  When a claim, or an interest in property of the Debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim.  If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Claimant has the ultimate burden of proof regarding allowance of the Claim.

Pursuant to § 502(a), a claim or interest is deemed allowed unless a party in interest objects. Pursuant to Rule 3001(f), a properly executed and filed proof of claim is endowed with *prima facie* evidentiary effect.  Filing a proof of claim constitutes *prima facie* evidence of the amount and validity of the claim.  *See also, In re Cascade Hydraulics,* 815 F.2d 546 (9th Cir. 1987).  The Movant bears the initial burden of proof to overcome the presumed validity and amount of the

claim; however, that burden is easily satisfied. *In re Schaumburg Hotel Owner Ltd. P'ship*, 97 B.R. 943 (Bankr. N.D.Ill. 1989).

Once the objecting party has met the initial burden of overcoming the *prima facie* validity of the claim, the claimant then must prove the claim. *In re Beverages Int'l Ltd.,* 50 B.R. 273 (Bankr. D. Mass. 1985); *In re Greene,* 71 B.R. 104 (Bankr. S.D. N. Y. 1987); *In re Ousley,* 92 B.R. 278 (Bankr. S.D. Ohio 1988); *In re Colonial Bakery, Inc.,* 108 B.R. 13 (Bankr. D. R.I. 1989). The ultimate burden remains on the creditor to prove the validity of its claim by a preponderance of the evidence.

*In re Pacific Arts Publishing, Inc.,* 198 B.R. 319, 321 (Bankr. C.D. Cal. 1996). *See also, In re Pugh*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993).

The objecting party is not required to disprove the claim. *In re Kham*, 114 B.R. 40 (Bankr. S.D. N.Y. 1990). The objecting party only has the initial burden of producing facts sufficient to demonstrate that an actual dispute regarding the validity or amount of the claim exists. *In re Hydorn*, 94 B.R. 608 (Bankr. W.D. Mo. 1988). The burden of persuasion is always on the claimant to establish its entitlement to the claim. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *In re Vernon Sand & Gravel, Inc.* 93 B.R. 580 (Bankr. N.D. Ohio 1988).

As set forth herein, the Debtor has met its initial burden of overcoming the *prima facie* validity of the Claim. Claimant now have the burden to prove the validity of the Claim by a preponderance of the evidence.

## V.

## <u>RESERVATION OF RIGHTS</u>

To the extent that this Objection is not granted with respect to any particular basis set forth herein, the Debtor reserves all rights to object to the Claim, or any amendment thereto, on grounds not set forth in this Objection. The Debtor, therefore, reserves all rights to object to the Claim on additional grounds than those set forth herein, including, without limitation, to object to the use of documentation or evidence not included with the Claim.

Besh NMtn 241 Fifth v2.docx

## VI.

## <u>CONCLUSION</u>

Based upon the foregoing, the Debtor respectfully requests that the Court grant the relief requested in this Objection and grant such other and further relief as the Court deems just and proper.

Dated: July 15, 2013                    THE LAW OFFICES OF DAVID W. MEADOWS


By: _____/s/ David W. Meadows_____
David W. Meadows

Bankruptcy Counsel to Beshmada, LLC, debtor and debtor in possession.

Dated: July 15, 2013                    EZRA BRUTZKUS GUBNER LLP


By: _____/s/ Richard D. Burstein_____
Richard D. Burstein

Special Counsel to Beshmada, LLC, debtor and debtor in possession.

Besh NMtn 241 Fifth v2.docx

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1801 Century Park East, Suite 1235, Los Angeles, CA  90067.


A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OBJECTION AND OBJECTION BY THE DEBTOR AND DEBTOR IN POSSESSION TO PROOF OF CLAIM FILED BY HAZAK ASSOCIATES, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID W. MEADOWS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/28/13, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:

On (*date*) _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 7/15/13, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell (messenger)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/15/13 | David W. Meadows | /s/ David W. Meadows |
|---------|------------------|----------------------|
| *Date*  | *Printed Name*   | *Signature*          |


1.  Continued:

- Gillian N Brown    gbrown@pszjlaw.com, gbrown@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- Richard Burstein    rburstein@ebg-law.com, ecf@ebg-law.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, jreinglass@greenbergglusker.com;kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;sgaeta@greenbergglusker.com
- H Alexander Fisch    afisch@stutman.com
- Stanley E Goldich    sgoldich@pszjlaw.com
- David Gould    dgould@gglawllp.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Matthew B Holbrook    mholbrook@sheppardmullin.com, mmanns@sheppardmullin.com
- Talin Keshishian    tkeshishian@ebg-law.com, ecf@ebg-law.com
- Stuart I Koenig    Skoenig@cmkllp.com
- John P Kreis    jkreis@kreislaw.com, j.kreis@ca.rr.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;pporooshani@greenbergglusker.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;pporooshani@greenbergglusker.com
- Charles Liu    cliu@marshackhays.com, ecfmarshackhays@gmail.com
- Melissa Davis Lowe    mdavis@shbllp.com
- Ron Maroko    ron.maroko@usdoj.gov
- Alexis M McGinness    amm@jmbm.com, vr@jmbm.com;fc3@jmbm.com
- David W. Meadows    david@davidwmeadowslaw.com
- Ethan B Minkin    ethan.minkin@kutakrock.com
- Susan I Montgomery    susan@simontgomerylaw.com
- Darren B Neilson    dneilson@ebg-law.com, ecf@ebg-law.com
- Michael S Neumeister    mneumeister@stutman.com
- David Norouzi    david@norouzi.us
- Walter K Oetzell    woetzell@dgdk.com, DanningGill@gmail.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- David M Poitras    dpoitras@jmbm.com, bt@jmbm.com
- Samuel Price    sprice@poolesheffery.com
- Uzzi O Raanan    uor@dgdk.com, DanningGill@Gmail.com
- Christopher S Reeder    csreeder@rkmc.com
- Henley L Saltzburg    hls@srblaw.com, ar@srblaw.com;lb2@srblaw.com
- Joel G Samuels    jsamuels@sidley.com
- Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- Kambiz J Shabani    kevin@shabanipartners.com
- David B Shemano    dshemano@peitzmanweg.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- Sam Tabibian    sam.tabibian@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael A Wallin    mwallin@sheppardmullin.com
- Howard J Weg    hweg@peitzmanweg.com
- Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**